UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. CHILDRESS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01793-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 7) |

　　　Plaintiff Lance Williams is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed the instant action on December 16, 2021, in the United States District Court for the Eastern District of California, Sacramento Division.  The action was transferred to this Court on December 21, 2021.

**I.**

**DISCUSSION**

　　　The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g);

1

Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of the following United States District Court Cases: (1) Williams v. Aparicio, Case No. 2:14-cv-08640-PA-KK (C.D. Cal.) (dismissed February 5, 2015 as time-barred); (2) Williams v. Kerkfoot, Case No. 2:14-cv-07583-GW-KK (C.D. Cal.) (dismissed May 15, 2015 as time-barred); and (3) Williams v. Young, Case No. 2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19, 2015 as time-barred). See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015).  The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Williams v. Paramo, Case No. 18-55319 (9th Cir.) (dismissed September 19, 2018 as frivolous); (2) Williams v. RJD Medical Staff Building, Case No. 18-55709 (9th Cir.) (dismissed September 19, 2018 as frivolous); and (3) Williams v. Navarro, Case No. 20-56163 (9th Cir.) (dismissed January 13, 2021 as frivolous).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on December 16, 2021.  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, Plaintiff contends that on May 23, 2021, he was at yard recreation at Corcoran State Prison wearing latex gloves to protect himself from the spread of COVID-19 while using the workout equipment.  Plaintiff was approached by Sergeant D. Childress, officer Hardcastle, officer Jaime and three John Doe officers.  Childress and Hardcastle said, "give me the gloves" to which Plaintiff stated,

1   Here don't be pushing up on me like some gang and there's no cleaning supplies on yard for workout
2   equipment I guess I'll file a 602 appeal." Plaintiff then proceeded to job when Childress said, "come
3   here NIGGER BOY don't you run from me." Plaintiff stopped and turned around when Childress
4   said, "shut up NIGGER cuff up I said, "shut up." Plaintiff complied with the cuff up order and
5   informed Childress and Hardcastle that he has a cuffing chrono to not be handcuffed in the back.
6   Defendant Childress tripped Plaintiff making him fall and then all Defendants began punching and
7   kicking Plaintiff saying "stop resisting and does black lives matter now." Defendant Childress put his
8   knee on Plaintiff's neck saying "this familiar you don't when to shup up you keep running your mouth
9   I bet you can't talk now." Childress kept his knee on Plaintiff's neck for about five minutes then
10  Defendants lifted Plaintiff off the ground and escorted him to the building front where Childress told
11  Plaintiff "any appeal you file I will get it and destroy it and deny it and make sure you get a visitor in
12  your cell about it."
13       Plaintiff was taken to a holding cell and was sexually assaulted during a strip search by
14  Defendants Hardcastle and Jaime. Plaintiff refused to get fully nude because Jaime is a female.
15  Hardcastle put cuffs on Plaintiff and Jaime stripped him of his clothes which consisted of basketball
16  shorts and briefs exposing Plaintiff's penis and buttocks. Plaintiff fell to the ground when Jaime
17  grabbed Plaintiff's penis with dirty gloves. Plaintiff was rolled on his stomach and Hardcastle spread
18  his butt cheeks apart so wide it tore his anal tissue causing bleeding and hemorrhoids. Plaintiff's
19  repeated requests for medical attention were denied. Plaintiff's cell was searched and his legal work
20  was destroyed and/or confiscated, food items were dumped on the floor, electronic items were broke.
21  Plaintiff asked Hardcastle for a 602 appeal form, he threw a stack of appeal forms in the air at
22  Plaintiff. Hardcastle then said, "If you use any of those (grievance forms) remember where you are
23  the SHU which means seriously hurt you get my drift and he walked away."
24       On September 30, 2021, Hardcastle told Plaintiff that "if his name pops up in anything
25  remember this is the SHU and you know what that means."
26       At the time Plaintiff filed the instant complaint, he was housed (and is currently housed) at
27  Folsom State Prison. Thus, Defendants are no longer responsible for Plaintiff's health or safety. There are
28  also no allegations suggesting that Defendants have any control over Plaintiff's housing at Folsom State

Prison. Accordingly, there are no allegations that demonstrate an imminent danger of serious physical injury at the time of filing, and Plaintiff is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 18, 2022**

UNITED STATES MAGISTRATE JUDGE

4