UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CHILDRESS, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01793-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 7)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

      Plaintiff Lance Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the instant action on December 16, 2021, in the United States District Court for the Eastern District of California, Sacramento Division. The action was transferred to this Court on December 21, 2021.

      On January 18, 2022, the undersigned issued Findings and Recommendations recommending that Plaintiff's motion to proceed in forma pauperis be denied as Plaintiff suffered three or more strikes under 28 U.S.C. § 1915(g) and failed to demonstrate that he was in imminent danger of physical harm at the time he filed the complaint, noting that he had been moved to Folsom State Prison since the filing of the complaint. (ECF No. 9.)

      On April 7, 2022, District Judge Dale A. Drozd declined to adopt the Findings and Recommendations finding because Plaintiff was incarcerated at Corcoran State Prison at the time he

1

filed the complaint, the imminent danger exception must be analyzed based on that location and not his subsequent transfer to Folsom State Prison. (ECF No. 13.) For the reasons explained, the Court finds that Plaintiff has meet the imminent danger exception to proceed *in forma pauperis* in this action.

## I.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following United States District Court Cases: (1) Williams v. Aparicio, Case No. 2:14-cv-08640-PA-KK (C.D. Cal.) (dismissed February 5, 2015 as time-barred); (2) Williams v. Kerkfoot, Case No. 2:14-cv-07583-GW-KK (C.D. Cal.) (dismissed May 15, 2015 as time-barred); and (3) Williams v. Young, Case No. 2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19, 2015 as time-barred). See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015). The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Williams v. Paramo, Case No. 18-55319 (9th Cir.) (dismissed September 19, 2018 as frivolous); (2) Williams v. RJD Medical Staff Building, Case No. 18-55709 (9th Cir.)

(dismissed September 19, 2018 as frivolous); and (3) <u>Williams v. Navarro</u>, Case No. 20-56163 (9th Cir.) (dismissed January 13, 2021 as frivolous).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on December 16, 2021. <u>Andrews</u>, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. <u>Id.</u> at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. <u>Id.</u> at 1055.

Here, Plaintiff contends that on May 23, 2021, he was at yard recreation at Corcoran State Prison wearing latex gloves to protect himself from the spread of COVID-19 while using the workout equipment. Plaintiff was approached by Sergeant D. Childress, officer Hardcastle, officer Jaime and three John Doe officers. Childress and Hardcastle said, "give me the gloves" to which Plaintiff stated, "here don't be pushing up on me like some gang and there's no cleaning supplies on yard for workout equipment I guess I'll file a 602 appeal." (Compl. at 3.) Plaintiff then proceeded to jog when Childress said, "come here NIGGER BOY don't you run from me." Plaintiff stopped and turned around when Childress said, "shut up NIGGER cuff up I said, "shut up." (<u>Id.</u>) Plaintiff complied with the cuff up order and informed Childress and Hardcastle that he has a cuffing chrono to not be handcuffed in the back. Defendant Childress tripped Plaintiff making him fall and then all Defendants began punching and kicking Plaintiff saying "stop resisting and does black lives matter now." (<u>Id.</u> at 4.) Defendant Childress put his knee on Plaintiff's neck saying "this familiar you don't when to shup up you keep running your mouth I bet you can't talk now." (<u>Id.</u>) Childress kept his knee on Plaintiff's neck for about five minutes then Defendants lifted Plaintiff off the ground and escorted him to the building front where Childress told Plaintiff "any appeal you file I will get it and destroy it and deny it and make sure you get a visitor in your cell about it." (<u>Id.</u>)

Plaintiff was taken to a holding cell and was sexually assaulted during a strip search by Defendants Hardcastle and Jaime. Plaintiff refused to get fully nude because Jaime is a female. Hardcastle put cuffs on Plaintiff and Jaime stripped him of his clothes which consisted of basketball shorts and briefs exposing Plaintiff's penis and buttocks. Plaintiff fell to the ground when Jaime

3

grabbed Plaintiff's penis with dirty gloves. Plaintiff was rolled on his stomach and Hardcastle spread his butt cheeks apart so wide it tore his anal tissue causing bleeding and hemorrhoids. Plaintiff's repeated requests for medical attention were denied. Plaintiff's cell was searched and his legal work was destroyed and/or confiscated, food items were dumped on the floor, electronic items were broke. Plaintiff asked Hardcastle for a 602 appeal form, he threw a stack of appeal forms in the air at Plaintiff. Hardcastle then said, "If you use any of those (grievance forms) remember where you are the SHU which means seriously hurt you get my drift and he walked away." (Id. at 6.) On September 30, 2021, Hardcastle told Plaintiff that "if his name pops up in anything remember this is the SHU and you know what that means." (Id.)

Based on Plaintiff's allegations, liberally construed, he has made the showing required by § 1915(g) and according, the request to proceed in forma pauperis will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 7), is GRANTED;

2. **The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated: **April 12, 2022**

UNITED STATES MAGISTRATE JUDGE