UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CHILDRESS, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01793-DAD-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(ECF No. 1) |

Plaintiff Lance Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 16, 2021. (ECF No. 1.) On April 12, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis finding that although he suffered three or more strikes under 28 U.S.C. § 1915(g), he demonstrated that he was under imminent danger of serious physical harm at the time the complaint was filed. (ECF No. 14.) Accordingly, Plaintiff's complaint is before the Court for screening.

I.

SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

1  not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550
2  U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated
3  in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff contends that on May 23, 2021, he was at yard recreation at Corcoran State Prison wearing latex gloves to protect himself from the spread of COVID-19 while using the workout equipment.  Plaintiff was approached by Sergeant D. Childress, officer Hardcastle, officer Jaime and three John Doe officers.  Childress and Hardcastle said, "give me the gloves" to which Plaintiff stated, "here don't be pushing up on me like some gang and there's no cleaning supplies on yard for workout equipment I guess I'll file a 602 appeal." (Compl. at 3.)  Plaintiff then proceeded to jog when Childress said, "come here NIGGER BOY don't you run from me."  Plaintiff stopped and turned around when Childress said, "shut up NIGGER cuff up I said, "shut up."  (Id.)  Plaintiff complied with the cuff up order and informed Childress and Hardcastle that he has a cuffing chrono to not be handcuffed in the back.  Defendant Childress tripped Plaintiff making him fall and then all Defendants began punching and kicking Plaintiff saying "stop resisting and does black lives matter now." (Id. at 4.)  Defendant Childress put his knee on Plaintiff's neck saying "this familiar you don't when to shup up you keep running your mouth I bet you can't talk now."  (Id.)  Childress kept his knee on Plaintiff's

2

neck for about five minutes then Defendants lifted Plaintiff off the ground and escorted him to the building front where Childress told Plaintiff "any appeal you file I will get it and destroy it and deny it and make sure you get a visitor in your cell about it." (Id.)

Plaintiff was taken to a holding cell and was sexually assaulted during a strip search by Defendants Hardcastle and Jaime. Plaintiff refused to get fully nude because Jaime is a female. Hardcastle put cuffs on Plaintiff and Jaime stripped him of his clothes which consisted of basketball shorts and briefs exposing Plaintiff's penis and buttocks. Plaintiff fell to the ground when Jaime grabbed Plaintiff's penis with dirty gloves. Plaintiff was rolled on his stomach and Hardcastle spread his butt cheeks apart so wide it tore his anal tissue causing bleeding and hemorrhoids. Plaintiff's repeated requests for medical attention were denied. Plaintiff's cell was searched and his legal work was destroyed and/or confiscated, food items were dumped on the floor, electronic items were broke. When Plaintiff asked Hardcastle for a 602 appeal form, he threw a stack of appeal forms in the air at Plaintiff. Hardcastle then said, "If you use any of those (grievance forms) remember where you are the SHU which means seriously hurt you get my drift and he walked away." (Id. at 6.) On September 30, 2021, Hardcastle told Plaintiff that "if his name pops up in anything remember this is the SHU and you know what that means." (Id.)

### III.

### DISCUSSION

**A.   Excessive Force**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In making this determination, the court may evaluate (1) the extent of any injury suffered by Plaintiff; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible prison officials; and (5) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual

3

contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or judgment as a matter of law in excessive force causes should be granted sparingly." Avina v. United States, 681 F.3d 1127, 1130 (9th Cir. 2012) (citation omitted).

Based on Plaintiff's allegations, liberally construed, Plaintiff states a cognizable excessive force claim against Defendants Childress, Hardcastle, Jamie, and three John Doe officers.

**B.   Retaliation**

It is well-established that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for their exercise of this right is a constitutional violation. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). To prevail on a retaliation claim, a plaintiff may "assert an injury no more tangible than a chilling effect on First Amendment rights." Brodheim, 584 F.3d at 1269–70. Furthermore, "a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 1271 (citing Rhodes, 408 F.3d at 568–69).

Nevertheless, First Amendment retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the "logical fallacy of *post hoc*, *ergo propter hoc*, literally, "after this, therefore because of this."). The plaintiff must allege specific facts demonstrating that the plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).  A plaintiff may demonstrate retaliatory intent by alleging a chronology of events from which retaliation can be inferred. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Liberally construed, Plaintiff states a cognizable retaliation claim against Defendants Childress and Hardcastle for threatening physical harm if he utilized the prison grievance system.

### C.  Denial of Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

Although Plaintiff claims vaguely that he was denied medical treatment following the alleged use of physical force, he fails to provide specific facts to support either the objective or subjective component of an Eighth Amendment deliberate indifference claim.  Accordingly, Plaintiff fails to state a cognizable deliberate indifference claim.

### D.  Destruction/Confiscation of Personal Property

Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation

5

remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations."

To the extent Plaintiff challenges the unauthorized taking or destruction of his personal property, the CTCA provides him with an adequate state post-deprivation remedy, and his due process claim challenging the confiscation and/or destruction of his personal property is not cognizable in a § 1983 action.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff has stated cognizable claim for excessive force against Defendants Childress, Hardcastle, Jamie, and three John Doe officers, and retaliation against Defendants Childress and Hardcastle. However, Plaintiff has failed to state any other cognizable claims. Plaintiff will be granted an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith or file a notice of intent to proceed only on the claims found to be cognizable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file a first amended complaint and he is agreeable to proceeding on only the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed on only the claims found to be cognizable. The Court will then recommend to the District Judge that this case only proceed on the cognizable claims for the reasons discussed above.

If Plaintiff chooses to file a first amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:
   a. a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. a notice of his intent to proceed only on the cognizable claims identified by the Court in this order; and
3. <u>Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE