UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CHILDRESS, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01793-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 18) |

Plaintiff Lance Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

Plaintiff filed the instant action on December 16, 2021. (ECF No. 1.) On April 12, 2022, the Court granted Plaintiff's motion to proceed in forma pauperis finding that although he suffered three or more strikes under 28 U.S.C. § 1915(g), he demonstrated that he was under imminent danger of serious physical harm at the time the complaint was filed. (ECF No. 14.)

On May 5, 2022, the Court screened Plaintiff's complaint, found that he stated a cognizable claim for excessive force against Defendants Childress, Hardcastle, Jamie, and three John Doe officers, and a cognizable retaliation claims against Defendants Childress and Hardcastle. (ECF No. 15.) Plaintiff

1

was directed to either file a second amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable.  (Id. at 6.)

Plaintiff filed a first amended complaint on May 19, 2022.  (ECF No. 16.)

On May 25, 2022, the Court screened Plaintiff's first amended complaint, found again that he stated a cognizable claim for excessive force against Defendants Childress, Hardcastle, Jamie, and three John Doe officers, and a cognizable retaliation claims against Defendants Childress and Hardcastle (ECF No. 17.)  The Court granted Plaintiff one final opportunity to file a second amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable.  (Id. at 6.)

Plaintiff failed to respond to the Court's May 25, 2022 order.  Accordingly, on July 5, 2022, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 18.)  Plaintiff has not filed a response to the order to show cause and the time to do so has now passed.  Consequently, dismissal of the action is warranted.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file a second amended complaint or notify of intent to proceed within thirty days of May 25, 2022 and has not done so.  Plaintiff's failure to comply with the order of the Court by filing an amended complaint or notice to proceed hinders the Court's ability to move this action towards disposition.  This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to file a second amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable.  Despite being ordered to do so, Plaintiff did not file a response to the second screening order or the order to show and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone,

833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 25, 2022 second screening order expressly stated: "Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order."  (ECF No. 17, at 1-8.)  In addition, the Court's July 5, 2022, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action."  (ECF No. 18.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2022**

UNITED STATES MAGISTRATE JUDGE

4