1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                   Plaintiff,<br><br>          v.<br><br>D. CHILDRESS, et al.,<br><br>                   Defendants. | Case No.  1:21-cv-01793-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 27 |

On March 31, 2023, plaintiff Lance Williams filed a motion for reconsideration of the Court's order dismissing his case. Doc. 27. For the reasons set forth below, the motion is denied.

**I.      BACKGROUND**

On December 16, 2021, plaintiff initiated this action with a complaint, Doc. 1, and on April 12, 2022, the assigned magistrate judge granted plaintiff's motion to proceed in forma pauperis, Doc. 14. Thereafter, the magistrate judge screened plaintiff's complaint, found it stated some cognizable claims against some defendants, and ordered plaintiff to either file a first amended complaint or notify the Court of his intent to proceed on the identified cognizable claims. Doc. 15. On May 19, 2022, plaintiff filed a first amended complaint. Doc. 16. On May 25, 2022, the magistrate judge screened the first amended complaint, again found that plaintiff had stated some cognizable claims against some defendants, and ordered plaintiff to either file a second amended complaint or notify the Court of his intent to proceed on the identified cognizable claims. Doc. 17. When plaintiff did not do either, on July 5, 2022, the

magistrate judge issued an order to show cause why the action should not be dismissed for failure to prosecute and failure to comply with a court order. Doc. 18. Plaintiff did not file a response to the order to show cause. *See* Docket.

On July 28, 2022, the magistrate judge issued findings and recommendations recommending that the case be dismissed for plaintiff's failure to prosecute the action and failure to comply with a court order. Doc. 19. The findings and recommendations were served on the plaintiff at his address listed on the docket and contained notice that objections were due within 14 days. *Id.* at 4. The next day, on July 29, 2022, pursuant to a notice of change of address that plaintiff filed in another case, the Court updated plaintiff's address in this action to plaintiff's new address as a courtesy. *See* Docket. The Court then re-served the findings and recommendations and the order to show cause to plaintiff's updated address.[1] *See* Docket. On August 3, 2022, plaintiff filed a notice of change of address in this case, reflecting the address of which the Court had already taken note and to which the Court had re-served the findings and recommendations and the order to show cause. *See* Doc. 20. On August 10, 2022, plaintiff moved the Court for an extension of time to file objections to the findings and recommendations. Doc. 21. On August 11, 2022, the assigned magistrate judge granted plaintiff's motion and ordered that any objections were due within 30 days. Doc. 22. Plaintiff did not file any objections or otherwise communicate with the Court. *See* Docket. On March 20, 2023, the then-assigned district judge adopted the findings and recommendations in full and dismissed the case. Doc. 24. Judgment was entered the same day. Doc. 25.

On March 31, 2023, plaintiff made two filings: one entitled "Plaintiff[']s 'Objection' to Findings and Recommendations," Doc. 26, and one titled "Motion for reconsideration and or Notice of Appeal," Doc. 27.

Plaintiff's "objection" to the findings and recommendations states that his failure to

---

[1] The order to show cause and the findings and recommendations were initially served on plaintiff's address as listed on the docket, but they were both returned to the Court as undeliverable. *See* Docket. The court then re-served copies of the orders to plaintiff's updated address, which were not returned as undelivered. *See* Docket. The law presumes delivery of a properly addressed piece of mail. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001).

1  respond to both the second screening order issued May 25, 2022, and the subsequent order to

2  show cause issued July 5, 2022, was unintentional.  *See* Doc. 26.  Rather, he states that he never

3  received the second screening order or the order to show cause due to him being paroled and his

4  mail being sent to the prison and returned to the Court.  *Id.*  He also states that "mailing became

5  an issue" because of "his homelessness" and that he "suffers from mental health disabilities" and

6  "has been suffering from decompensation of his mental health for months which has hindered

7  plaintiff[']s filings."  *Id.*

8       Plaintiff's motion for reconsideration of the order to dismiss argues that the Court should

9  set the order aside under Federal Rule of Civil Procedure 59 or 60(b).  Doc. 27.  He states that the

10  Court granted him a 45-day extension on February 10, and that on March 1, 2023, all his legal

11  paperwork for this case was lost during a traffic stop.[2]  *Id.*  He further states he attempted to file a

12  further request for a 20-day extension to file objections to the findings and recommendations on

13  March 10, 2023, but believes the Court did not receive it as it was sent to the wrong address.  *Id.*

14  **II.    LEGAL STANDARD**

15       Relief from an order issuing a final judgment may be granted under Federal Rule of Civil

16  Procedure 59(e) or 60(b).  *See, e.g.*, *Langley v. Well Path Med.*, No. 2:19-cv-01022-TLN-DMC,

17  2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020).  If a motion for relief from an order or

18  judgment is filed within the time provided for by Rule 59(e), it should be considered a motion for

19  reconsideration pursuant to Rule 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr.*

20  *Corp.*, 248 F.3d 892, 888–89 (9th Cir. 2001).  Rule 59(e) provides that "[a] motion to alter or

21  amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R.

22  Civ. P. 59(e).  Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment

23  or order.  *Id.*

24       "A motion to amend judgment [under Rule 59(e)] may only be granted where: 1) the

25  motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2)

26

27  _____

[2] The docket does not reflect that the Court granted plaintiff any such extension of time.  *See*
Docket.  The only extension plaintiff was granted in this case was the 30-day extension of time
28  granted on August 11, 2022, to file objections to the findings and recommendations.

1    the moving party presents newly discovered or previously unavailable evidence, 3) the motion is

2    necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law."

3    *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (cleaned up).

4           Rule 60(b) motions are largely addressed to the discretion of the district court. *See*

5    *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975); *Martella v.*

6    *Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730

7    (9th Cir. 1971).  Federal Rule of Civil Procedure 60(b) provides relief from a final judgment,

8    order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable

9    neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

10   discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

11   intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

12   void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

13   judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

14   (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

15          Additionally, under Local Rule 230, in an application for reconsideration, a party must

16   submit a brief specifying "what ruling, decision, or order" is being challenged, and "what new or

17   different facts or circumstances are claimed to exist which did not exist or were not shown upon

18   such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

19   **III.    ANALYSIS**

20          The order dismissing this case was entered on March 20, 2023, and plaintiff filed this

21   motion less than 28 days later, on March 31, 2023.  *See* Docs. 24, 27.  Therefore, this motion is

22   most properly treated as a Rule 59(e) motion to alter or amend a judgment.  *See Am. Ironworks &*

23   *Erectors*, 248 F.3d at 888–89.  "A motion for reconsideration [under Rule 59(e)] should not be

24   granted, absent highly unusual circumstances."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

25   *GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up).  Plaintiff has not demonstrated any

26   of the grounds, or the highly unusual circumstances, required to warrant relief under Rule 59(e).

27   Plaintiff has not demonstrated any "manifest errors of law or fact upon which the judgment is

28   based," "newly discovered or previously unavailable evidence," "an intervening change in

1  controlling law," or that "the motion is necessary to prevent manifest injustice."  *Hiken*, 836 F.3d

2  at 1042.

3       Plaintiff's filings argue that his failures to respond to the second screening order and the

4  order to show cause should be excused because he did not receive them.  However, the docket

5  demonstrates otherwise.  The docket reflects that the second screening order was served on

6  plaintiff and that, although the order to show cause initially was returned to the Court as

7  undelivered, it was re-served on plaintiff's updated address.  *See* docket.  Additionally, plaintiff

8  clearly received the findings and recommendations, which recommended dismissal for plaintiff's

9  failure to respond to the second screening order and order to show cause, as plaintiff requested an

10  extension of time to file objections to the findings and recommendations.  *See* Doc. 21.  Thus, his

11  arguments that he was not aware of his failure to respond to the second screening order or the

12  order to show cause lack merit.  Moreover, any argument that he attempted to request an

13  extension in March 2023 to object to the findings and recommendations fails to provide a basis

14  for relief from the order dismissing his case.  Given the extension the Court granted to plaintiff,

15  plaintiff's objections to his findings and recommendations were due thirty days from August 11,

16  2022.  Thus, any attempt to request an extension in March 2023 was over six months late, and

17  plaintiff does not explain why he did not request an extension of time sooner.  Plaintiff fails to

18  establish a basis to reconsider the judgment in his case.

19       The result would be the same under Rule 60(b).  Plaintiff has failed to demonstrate

20  "excusable neglect" under Rule 60(b)(1) or "any other reason that justifies relief" under Rule

21  60(b)(6).[3]  For excusable neglect under Rule 60(b)(1), to determine whether a party's

22  inadvertence is excusable, courts apply the *Pioneer* factors: (1) the danger of prejudice to the

23  nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was

24  within the reasonable control of the movant; and (4) whether the moving party's conduct was in

25  good faith.  *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).  For the

26  reasons explained above, including the length of the delay and the failure to provide sufficient

27

28  [3] Plaintiff does not specify Rule 60(b)(1) and (6).  However, given the content of plaintiff's motion, it is appropriate to consider his motion under those provisions.

5

1    reasons for it, plaintiff fails to demonstrate excusable neglect under the *Pioneer* factors.

2          Plaintiff is also not entitled to relief under Rule 60(b)(6).  The Ninth Circuit has cautioned

3    that the Rule 60(b)(6) "catch-all provision" should be "used sparingly as an equitably remedy to

4    prevent manifest injustice" and should be "utilized only where extraordinary circumstances

5    prevented a party from taking timely action to prevent or correct an erroneous judgment."

6    *Harvest v. Castro*, 531 F.3d 737, 747–48 (9th Cir. 2008) (citation omitted).  A party moving for

7    relief under this provision "must demonstrate both injury and circumstances beyond his control

8    that prevented him from proceeding with the action in a proper fashion."  *Id.* (citation omitted).

9    Here, plaintiff has not demonstrated circumstances beyond his control to demonstrate that this

10   extraordinary remedy is warranted.

11         Nor does plaintiff's motion meet any of the criteria required by Local Rule 230(j).

12   **IV.    CONCLUSION AND ORDER**

13         Accordingly, plaintiff's motion for reconsideration, Doc. 27, is denied.

14

15

16   IT IS SO ORDERED.

17      Dated:   June 30, 2025

18                                         UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

6